UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID PALMIRO,<br><br>*Plaintiff,*<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORPORATION; JS AUTOWORLD, LLC; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>*Defendants.* | Civil Action No.: 1:22-cv-5143<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

David Palmiro, Plaintiff herein, by his counsel, alleges and complains of Defendants as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff David Palmiro is a victim of identity theft and auto fraud.

2. Yasmin C. DeLeon, who is the daughter of Mr. Palmiro's ex-girlfriend, stole Mr. Palmiro's identity and, with the help of Defendant JS Autoworld, LLC (the "Dealership" or "JS Autoworld"), forged his signature as a co-signer on a Retail Installment Contract ("RIC") to finance a used, 2018 Toyota Highlander (VIN # 5TDJZRFH0JS533475) (the "Vehicle").

3. Ms. DeLeon then failed to make subsequent payments for the Vehicle which resulted in Plaintiff's credit becoming completely tarnished.

4. Plaintiff has disputed the fraudulent RIC with Defendant Toyota Motor Credit Corporation ("Toyota" or "Furnisher Defendant"), the servicer of the fraudulent RIC, but was denied despite providing supporting documentation regarding the forgery.

1

5. Plaintiff has also disputed the Toyota credit line (the "Account") with the credit reporting agencies Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") (collectively "CRA Defendants").

6. Despite having been provided with detailed information regarding the forgery, the CRA Defendants failed to acknowledge Plaintiff's innocence and to remove the fraudulent account from his credit report.

7. Specifically, the Dealership damaged Plaintiff by creating a fraudulent RIC and forging Plaintiff's initials.

8. Toyota damaged Plaintiff by reporting derogatory and obviously incorrect information regarding the fraudulent RIC with the CRA Defendants.

9. The CRA Defendants damaged Plaintiff by failing to conduct a reasonable investigation of the Plaintiff's dispute and recording the negative credit line on Mr. Palmiro's credit reports, damaging Plaintiff's otherwise excellent credit score.

10. The Furnisher Defendant is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq.*).

11. Toyota violated the FCRA by:

   a. failing to conduct a reasonable investigation of Plaintiff's dispute(s);

   b. failing to review all relevant information provided by consumer reporting agencies; and

   c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

12. The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

   a. failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

   b. failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of § 1681e(b).

13. As a direct and proximate result of the Defendants negligent and willful actions, conduct, and omissions, including publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic) including, but not limited to, credit denials, lost credit opportunities, emotional distress, aggravation, and frustration.

14. Plaintiff brings claims against the Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"); and the New York Fair Credit Reporting Act, and New York General Business Law § 380, *et seq*. ("NY FCRA"); New York General Business Law § 380, *et seq*.; Negligent Hiring, Retention, Training, and Supervision; Fraud; and Rescission/Declaration of No Liability for Lease.

## JURISDICTION AND VENUE

15. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

16. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

17. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions complained of took place in this District and Defendants maintain offices, transact business, and are otherwise found in this District.

**PARTIES**

18. Plaintiff David Palmiro is a natural person and a citizen of Bronx, New York.

19. Plaintiff is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY FCRA, NY GBL § 380-a(b).

20. Defendant Toyota Motor Credit Corporation is a California corporation doing business in the state of New York and is the servicer of the subject RIC.

21. Toyota is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2, *et seq.*

22. Defendant JS Autoworld, LLC is a domestic limited liability company, with headquarters in West Islip, New York.

23. Trans Union is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

24. Equifax is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

25. Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

26. Each of the CRA Defendants is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

## FACTS

27. In March of 2021, Plaintiff spoke with Yasmin C. DeLeon, the daughter of a longtime friend, regarding some issues she was having purchasing a vehicle.

28. Ms. DeLeon asked if Plaintiff would consider co-signing an auto loan for her. Plaintiff was considering Ms. DeLeon's request and, to that end, Plaintiff verbally authorized Ms. Deleon to run Plaintiff's credit in order to explore whether his involvement would help her purchase the Vehicle.

29. Plaintiff did not, however, authorize Ms. DeLeon, the Dealership, Toyota, or anyone else to move forward with a vehicle purchase or auto financing.

30. Plaintiff did not sign the RIC, either as Buyer or Co-Buyer.

31. Plaintiff's signature on the RIC is an obvious forgery consisting of only his initials *in the wrong order*. *i.e.*, whoever forged Plaintiff's signature did so by signing "P.D." in the various spaces allotted.

32. After Plaintiff received statements from Toyota for the Vehicle, he contacted Toyota, who provided Plaintiff with a copy of the fraudulent RIC.

33. Mr. Palmiro confirmed that his signature, which was in actuality just his initials, were forged.

34. Plaintiff attempted to resolve the matter over the phone with a Toyota representative, then sent Toyota a written dispute packet on January 25, 2022.

35. The dispute packet provided state ID, a copy of his signature, a notarized affidavit, the fraudulent RIC, proof of work assignment for the day the fraudulent RIC was signed, and a copy of a credit report showing the Toyota tradeline.

36.     However, despite his efforts, Toyota maintained that Plaintiff was liable for the Vehicle and continued to negatively report it to the CRAs.

37.     As a result, the CRAs recorded the delinquent account and Plaintiff's credit score plummeted from the 800s down to the low 600s.

38.     Plaintiff filed a Police Report on March 13, 2022.

39.     On or about March 30, 2022, Toyota sent Mr. Palmiro a letter denying his dispute, stating that they are reporting his "account to the credit reporting agencies in a matter that is consistent" with their records.

40.     Plaintiff also disputed the Account with the CRA Defendants, however they refused to acknowledge the credit line as incorrect and denied Plaintiff's dispute.

41.     Defendants' actions caused actual damage to Plaintiff, including, but not limited to, credit denials (including an increase to his annual percentage rate for the lease of his current vehicle and denial of his request for credit increase on a credit card), postage and mailing, emotional distress, aggravation, and frustration.

### FIRST CAUSE OF ACTION
### <u>VIOLATIONS OF FCRA § 1681s-2(b)</u>
### (Against the Furnisher Defendant)

42.     Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

43.     Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

44.     Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce

for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

45. The Furnisher Defendant violated §1681s-2(b) by its acts and omissions, including, but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute;

    b. failing to review all relevant information provided by consumer reporting agencies, and,

    c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

46. As a result of the Furnisher Defendant's violations of §1681s-2(b)(1), Plaintiff suffered actual damages including, but not limited to an increase to his annual percentage rate for the lease of his actual current vehicle, emotional distress, aggravation, and frustration.

47. These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendant liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

48. In the alternative, the Furnisher Defendant was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF FCRA § 1681e(b) and § 1681i**
**(Against the CRA Defendants)**

49. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

50. The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

    a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

    b. by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

    c. by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

51. Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of her credit reports and credit files that they published and maintained.

52. As a result of the CRA Defendants' violations of § 1681i and §1681e(b), Plaintiff suffered actual damages including but not limited to an increase to his annual percentage rate for the lease of his actual current vehicle, emotional distress, aggravation, and frustration.

53. These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF NY FCRA §380-f and §380-j
(Against the CRA Defendants)

55. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

56. Each of the CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380–380-u) by their acts and omissions including:

   a. failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of § 380-f(a);

   b. failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of § 380-f(b); and

   c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of her credit report and credit files that it published and maintained in violation of § 380-j(e).

57. These violations of § 380-f and § 380-j(e) were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l and entitling Plaintiff

to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

58. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**FOURTH CAUSE OF ACTION**
**<u>NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION</u>**
**(Against the Dealership)**

59. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

60. The Dealership failed to exercise reasonable care in selecting, instructing and supervising the employees and/or agents it hired to sell motor vehicles and arrange vehicle purchase loans.

61. The Dealership's employees acted willfully, unlawfully and in an intentionally fraudulent manner towards Plaintiffs as set forth herein.

62. The Dealership did not properly train or supervise the employees and/or agents they use to sell vehicles and arrange for vehicle financing.

63. Indeed, the fact that an employee of the Dealership was able to fraudulently prepare and send on to the lender a RIC for someone who had not visited the dealership or signed the agreement suggests, at best, gross negligence on the part of the Dealership and, at worst, collusion.

64. The Dealership owed a duty of care to Plaintiff that its employees and agents would act in accordance with state and federal laws.

65. As a direct result and proximate cause of the Dealership's employees and/or agents' unreasonable, unfair, illegal and fraudulent conduct, Plaintiff has suffered harm including, without limitation, the damages set forth above.

66. As a result of the foregoing, Plaintiff is entitled to actual and punitive damages, and reasonable costs.

**FIFTH CAUSE OF ACTION**
**NEW YORK GENERAL BUSINESS LAW § 380-S AND 380-L ("NYGBL § 380")**
**(Against the Dealership)**

67. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

68. N.Y. Gen. Bus. Law § 380-s makes liable any person, firm, partnership, corporation, or association or employee thereof who knowingly, and with the intent to defraud, obtains, possesses, transfers, uses, or attempts to obtain, possess, transfer, or use credit, goods, services or anything else of value in the name of another person without his or her consent.

69. The Dealership violated this provision by knowingly and willfully creating a Lease Agreement in Plaintiff's name, forging his initials, and enforcing the fraudulent RIC.

70. The Dealership's violation of the aforementioned provisions predictably resulted in the transmission of false information to one or more credit reporting agencies (including, *inter alia*, the CRA Defendants) and this information would not otherwise have been provided to any credit reporting agency.

71. As a result of these violations, pursuant to § 380-l, the Dealership is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs.

## SIXTH CAUSE OF ACTION
## FRAUD
### (Against the Dealership)

72. Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs.

73. Upon information and belief, representatives of the Dealership created a fraudulent RIC, which they subsequently sent to Toyota.

74. The fraudulent RIC, including all the terms and signatures set forth therein, constituted making a false statement with the intent to deceive.

75. Plaintiff has suffered emotional damages, stress and anxiety as a result of the fraud.

76. As a result of the Dealership's fraudulent RIC, Plaintiff has been damaged in an amount to be determined at trial and are entitled to attorneys' fees, and costs and expenses.

## SEVENTH CAUSE OF ACTION
## RESCISSION / DECLARATION OF NO LIABILITY FOR LEASE
### (Against the Dealership and the Furnisher Defendant)

77. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

78. As set forth above, the fraudulent RIC is forged.

79. Defendants' misconduct was material and willful.

80. Defendants' breach was also so substantial and fundamental that it strongly tends to defeat the purpose of the contract.

81. Damages will not afford Plaintiff a complete and adequate remedy and the status quo may not be substantially restored by equitable relief.

82. As a result of these violations, Plaintiff is entitled to rescission of the New York Motor Vehicle Lease Agreement, as well as a declaration that Plaintiff is not liable under the fraudulent RIC.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants:

a. awarding Plaintiff actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees as against each Defendant;

b. ordering Defendants to immediately delete all inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about Plaintiff;

c. enjoining Defendants from violating Plaintiff's NY FCRA rights and from all other unlawful conduct set forth herein; and

d. such other and further relief as may be necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: June 19, 2022

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
80 Broad Street, Suite 1301
New York, NY 10004
T: 212-500-6114
F: 646-612-7996
E: dschlanger@consumerprotection.net

*Counsel for Plaintiff*